1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DOVIE DEWDROP LEEN,                    Case No.  2:20-cv-2231-JDP (PC)

12                  Plaintiff,              ORDER THAT THE CLERK OF COURT
                                            ASSIGN A DISTRICT JUDGE TO THIS
13          v.                              CASE

14   CUEVA, *et al.*,                       FINDINGS AND RECOMMENDATIONS
                                            THAT PLAINTIFF'S MOTION FOR
15                  Defendants.             PRELIMINARY INJUNCTION BE
                                            DENIED
16
                                            ECF No. 6
17
                                            OBJECTIONS DUE IN FOURTEEN DAYS
18

19

20

21

22          Plaintiff Dovie Dewdrop Leen is a state prisoner proceeding without counsel in this civil

23   rights action brought under 42 U.S.C. § 1983.  In addition to filing a complaint,[1] plaintiff also

24   submitted a motion to compel the California Medical Facility ("CMF") to provide him with

25   indigent envelopes and postage.  ECF No. 6.  He states that unnamed officials at CMF have

26   denied him the indigent envelopes and postage that he is entitled to, impeding his litigation of two

27   _____

28          [1] The court will screen the complaint by separate order.

                                            1

section 1983 lawsuits and preventing him from contacting his family. *Id.* at 1. Staff has allegedly

told him that he does not qualify for the mailing materials because he has ten dollars on his trust

account. *Id.* I construe this as a motion for preliminary injunction and recommend that it be

denied without prejudice.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on

the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v.*

*Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555

U.S. 7, 20 (2008)). "[P]laintiffs must establish that irreparable harm is likely, not just possible, in

order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d

1127, 1131 (9th Cir. 2011). In addition to establishing irreparable harm, the injunctive relief

sought must be related to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC*

*v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("A court's equitable power lies only

over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based

on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

A permanent injunction may be granted only after a final hearing on the merits. *See MAI Sys.*

*Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir.1993) ("As a general rule, a permanent

injunction will be granted when liability has been established . . . .").

Plaintiff has not addressed the *Winter* factors in his motion, and it is his burden to show

that he meets the requirements for injunctive relief. *See Earth Island Inst. v. Carlton*, 626 F.3d

462, 469 (9th Cir. 2010) ("'An injunction is a matter of equitable discretion' and is 'an

extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled

to such relief.'") (quoting *Winter*, 555 U.S. at 376, 381). Additionally, plaintiff's claims about

indigent envelopes and postage appear to be unrelated to the allegations in the complaint, which

concern alleged sexual assault, retaliation for filing lawsuits, and inadequate medical care. ECF

No. 1 at 7, 9-12. Accordingly, I may be without authority to issue the injunction that he seeks.

*Pac. Radiation Oncology, LLC*, 810 F.3d at 633.

I am not unsympathetic to plaintiff's claims, however. Prisoners are entitled to access the

2

court system.  "Under the First Amendment, a prisoner has both a right to meaningful access to the courts and a broader right to petition the government for a redress of his grievances."  *Silva v. Di Vittorio*, 658 F.3d 1090, 1101-02 (9th Cir. 2011), abrogated on other grounds by *Coleman v. Tollefson*, 135 S. Ct. 1759, 191 L. Ed. 2d 803 (2015).  To the extent that his claims are true, the officials withholding his mailing materials appear to be violating his constitutional rights, and he may be entitled to redress by filing a separate section 1983 action.  I realize that plaintiff's inability to access postage and envelopes might make difficult the filing of a separate suit.  Regardless, I cannot grant the injunction he seeks.

It is ordered that the Clerk of Court shall assign a district judge to rule on these findings and recommendations.

I recommend that plaintiff's motion to compel (ECF No. 6), which I construe as a motion for preliminary injunction, be denied without prejudice.

These findings and recommendations will be submitted to the U.S. district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, the parties may file written objections with the court.  If a party files objections, that party should do so in a document captioned "Objections to Magistrate Judge's Findings and Recommendations."

IT IS SO ORDERED.

Dated:    December 1, 2020                    _____
                                             JEREMY D. PETERSON
                                             UNITED STATES MAGISTRATE JUDGE

3