1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  DOVIE DEWDROP LEEN, | Case No.  2:20-cv-2231-JDP (PC) |
| 12                    Plaintiff, | SCREENING ORDER |
| 13           v. | ORDER THAT PLAINTIFF: |
| 14  CUEVA, *et al.*, | (1) PROCEED ONLY WITH HIS FIRST AND EIGHTH AMENDMENT CLAIMS AGAINST DEFENDANT MONTEJO AND VOLUNTARILY DISMISS ALL OTHER CLAIMS; OR |
| 15                    Defendants. | |
| 16 | |
| 17 | (2) FILE AN AMENDED COMPLAINT |
| 18 | |
| 19 | ECF No. 1 |
| 20 | THIRTY-DAY DEADLINE |
| 21 | |

22          Plaintiff Dovie Dewdrop Leen is a state prisoner proceeding without counsel in this civil

23   rights action brought under 42 U.S.C. § 1983.  Plaintiff's complaint, ECF No. 1, is before the

24   court for screening under 28 U.S.C. § 1915A.  He names eight[1] defendants and raises several

25   unrelated claims, including that: (1) defendant Eusebio Montejo sexually assaulted him during a

26   ───────────────

27          [1] Defendant Portee is not listed in the caption of the complaint, but plaintiff alleges that
this officer retaliated against him for filing lawsuits.  ECF No. 1 at 12.  I construe this as a claim

28   that he intends to pursue and will order the Clerk of Court to add Portee to the docket as a
defendant.

1

1    medical examination and retaliated against him afterwards when he tried to alert prison

2    authorities about the assault, (2) prison doctors are not allowed to prescribe him adequate pain

3    medication, and (3) defendant Portee retaliated against him for filing lawsuits.  Plaintiff devotes

4    most of the complaint to his claims against defendant Montejo, and I find that he has stated

5    cognizable claims for Eighth Amendment sexual assault and First Amendment retaliation against

6    this defendant.  Plaintiff's other claims are factually and legally unrelated and cannot proceed

7    jointly with his claims against Montejo.  He may elect to proceed only with his claims against

8    Montejo or he may file an amended complaint that contains only related claims.

9                           Application to Proceed *In Forma Pauperis*

10       Separately, plaintiff has filed an application to proceed *in forma pauperis*, ECF No. 2,

11   which makes the required showing and which I will grant.[2]  He must pay the filing fee according

12   to a separately filed collection order.

13                          Request for Appointment of Counsel

14       In the body of his complaint, plaintiff also requests appointment of counsel.  ECF No. 1 at

15   8.  That request is denied without prejudice.  Plaintiff does not have a constitutional right to

16   appointed counsel, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks

17   the authority to require an attorney to represent plaintiff.  *See Mallard v. U.S. District Court for*

18   *the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  The court may request the voluntary

19   assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to

20   represent any person unable to afford counsel."); *Rand*, 113 F.3d at 1525.  However, without a

21   means to compensate counsel, the court will seek volunteer counsel only in exceptional

22   circumstances.  In determining whether such circumstances exist, "the district court must evaluate

23   both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his

24   claims pro se in light of the complexity of the legal issues involved."  *Rand*, 113 F.3d at 1525

25   (internal quotation marks and citations omitted).

26

27   _____

     [2] He has also filed a motion to compel the California Department of Corrections and
28   Rehabilitation to provide him with indigent envelopes and postage.  ECF No. 6.  That motion will
     be addressed in separate findings and recommendations.

                                              2

1    I cannot conclude that exceptional circumstances requiring the appointment of counsel are
2    present here.  The allegations in the complaint are not exceptionally complicated.  Based on a
3    review of the record, it is not apparent that plaintiff is unable to articulate his claims adequately.
4    Further, at this early stage in the proceedings, plaintiff has not demonstrated that he is likely to
5    succeed on the merits.  For these reasons, I will deny plaintiff's motion to appoint counsel
6    without prejudice.

7                                Screening and Pleading Requirements

8        A federal court must screen a prisoner's complaint that seeks relief against a governmental
9    entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable
10   claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a
11   claim upon which relief may be granted, or seeks monetary relief from a defendant who is
12   immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

13       A complaint must contain a short and plain statement that plaintiff is entitled to relief,
14   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
15   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
16   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
17   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
18   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
19   identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
20   1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
21   give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1264
22   n.2 (9th Cir. 2006) (en banc) (citations omitted).

23       The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
24   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
25   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
26   would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
27   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

28

3

1    of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

2    1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

3                                            Analysis

4            As stated above, plaintiff has three separate claims that are not sufficiently related to

5    proceed in one case.  First, plaintiff states that, in August of 2019, defendant Montejo was

6    assigned as his primary care provider.  ECF No. 1 at 7.  Montejo examined plaintiff on August 15

7    and allegedly sexually assaulted him by touching him inappropriately.  *Id.*  Plaintiff filed a

8    grievance describing the sexual assault, and Montejo allegedly retaliated by cutting off plaintiff's

9    pain medication.  *Id.*

10           Second, plaintiff alleges that his medical care has been generally inadequate.  Plaintiff

11   states that he has had numerous back surgeries and suffers from intense pain.  *Id.*  He claims that

12   in June of 2020 he went "man down" and was seen by medical staff.  *Id.* at 9.  The attending

13   doctor stated that there was nothing he could do to alleviate plaintiff's pain because medical

14   supervisors had disallowed the prescription of strong pain medications.  *Id.*  Plaintiff does not

15   identify which, if any, of the named defendants are responsible for restricting his pain

16   medications.

17           Third, plaintiff alleges that defendant Portee, a correctional officer, has retaliated against

18   him for filing lawsuits.  *Id.* at 12.  He claims that, this month, Portee threatened to place a violent

19   inmate near plaintiff if he kept litigating against correctional staff.  *Id.*

20           Unrelated claims against multiple defendants belong in different lawsuits.  Fed. R. Civ. P.

21   20(a)(2) ("Persons . . . may be joined in one action as defendants if: (A) any right to relief is

22   asserted against them jointly, severally, or in the alternative with respect to or arising out of the

23   same transaction, occurrence, or series of transactions or occurrences; and (B) any question of

24   law or fact common to all defendants will arise in the action."); *see also George v. Smith*, 507

25   F.3d 605, 607 (7th Cir. 2007).  The three separate claims identified above might each be

26   cognizable to proceed in separate suits, but they are not legally or factually related enough to

27   proceed together in this action.  Defendant Montejo's alleged sexual assault and retaliation bears

28   no relation to the question of whether pain medication has been overly restricted.  Of the three

                                                  4

1   claims, plaintiff concentrates on the alleged sexual assault and retaliation by defendant Montejo.

2   He may elect to proceed with that claim only and to voluntarily dismiss the others, or he may file

3   an amended complaint containing only related claims.

4                                    Leave to Amend

5          Should plaintiff choose to amend the complaint,[3] the amended complaint should be brief,

6   Fed. R. Civ. P. 8(a), but must state what actions each named defendant took that deprived plaintiff

7   of constitutional or other federal rights.  *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d

8   930, 934 (9th Cir. 2002).  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to

9   relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

10  Plaintiff must allege that each defendant personally participated in the deprivation of his rights.

11  *See Jones*, 297 F.3d at 934.  Plaintiff should note that a short, concise statement in which the

12  allegations are ordered chronologically will help the court identify his claims.  Plaintiff should

13  describe how each defendant wronged him, the circumstances surrounding each of the claimed

14  violations, and any harm he suffered.

15         If plaintiff decides to file an amended complaint, the amended complaint will supersede

16  the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en

17  banc).  This means that the amended complaint must be complete on its face without reference to

18  the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the

19  current complaint no longer serves any function.  Therefore, in an amended complaint, as in an

20  original complaint, plaintiff must assert each claim and allege each defendant's involvement in

21  sufficient detail.  The amended complaint should be titled "First Amended Complaint" and refer

22  to the appropriate case number.

23         Accordingly, it is ORDERED that:

24         1.      Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

25

26  _____

27         [3]  Plaintiff will not be permitted to change the nature of this suit by adding new, unrelated
    claims or new, unrelated defendants in his amended complaint.  *See* Fed. R. Civ. P. 18; *George v.*
    *Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong

28  in different suits . . . .").

                                        5

1     2.     Plaintiff's complaint states, for screening purposes, a viable Eighth Amendment

2  sexual assault claim and First Amendment retaliation claim against defendant Montejo.  He may

3  proceed with those claims and voluntarily dismiss all other claims and defendants or he may

4  delay serving any defendant and file an amended complaint.  If plaintiff chooses to file an

5  amended complaint, it must be filed within sixty days of this order's entry.

6     3.     The Clerk of Court shall send plaintiff a prisoner complaint form with this order.

7     4.     Failure to comply with any part of this this order may result in dismissal for failure

8  to prosecute.

IT IS SO ORDERED.


Dated:    December 23, 2020                          _____
                                                    JEREMY D. PETERSON
                                                    UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8

9          UNITED STATES DISTRICT COURT

10        FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12   DOVIE DEWDROP LEEN,                    No. 2:20-cv-2231-JDP (PC)

13              Plaintiff,

14        v.                               NOTICE OF ELECTION

15   CUEVA, et al.

16              Defendants.

17

18

19        In accordance with the court's Screening Order, plaintiff hereby elects to:

20        (1)  _____   proceed only with the First Amend retaliation and Eighth Amendment

21   sexual assault claims against defendant Montejo.  Choosing this option obligates him to

22   voluntarily dismiss all other claims and defendants.

23   OR

24        (2)  _____   delay serving any defendant and files an amended complaint.

25

26                                   _____

27                                   Plaintiff

28   Dated:

                                   7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28