UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOVIE DEWDROP LEEN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CUEVA, *et al.*,<br><br>　　　　Defendants. | Case No. 2:20-cv-02231-JAM-JDP (PC)<br><br>SCREENING ORDER THAT PLAINTIFF PROCEED ONLY WITH HIS SEXUAL ASSAULT AND RETALIATION CLAIMS AGAINST DEFENDANT MONTEJO<br><br>FINDINGS AND RECOMMENDATIONS THAT:<br><br>(1) ALL CLAIMS OTHER THAN THOSE AGAINST MONTEJO BE DISMISSED WITHOUT PREJUDICE; AND<br><br>(2) PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF BE DENIED<br><br>ECF Nos. 10, 13, & 15<br><br>FOURTEEN-DAY DEADLINE |

　　　Plaintiff Dovie Dewdrop Leen is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. In his amended complaint, he alleges that defendants Cueva, DiTomas, Ikegbu, Diaz, Montejo, Austin, and Benavidez violated his Eighth Amendment rights by refusing to prescribe him sufficient pain medication. ECF No. 15 at 7, 10. He also alleges that defendant Montejo, a physician at the California Medical Facility, sexually assaulted him during an examination. *Id.* at 7. Plaintiff reported the assault and Montejo retaliated against him by curtailing his pain medication. *Id.* For the reasons stated below, I find

1

1  that plaintiff's claims against Montejo should proceed past screening.  His claims against the
2  other defendants should be dismissed.
3      Plaintiff has also filed two motions for preliminary injunctive relief that precede the filing
4  of the most recent amended complaint.  ECF Nos. 10 & 13.  I will recommend that both be
5  denied.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

1   of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

2   1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

3       **II.    Analysis**

4       Plaintiff's complaint has two unrelated categories of claims. First, he alleges that all

5   named defendants are responsible for failing to prescribe him adequate pain medication. ECF

6   No. 15 at 7, 10. Specifically, plaintiff disagrees with defendants' decision to prescribe him pain

7   relieving cream and ibuprofen rather than allow him to continue using morphine. *Id.* at 10.

8   These claims do not amount to deliberate indifference. Nothing in the complaint, taken as true,

9   shows that any defendant knew that the newly prescribed medication was inadequate or that the

10  benefits of allowing plaintiff to continue using morphine outweighed the risk of addiction. *See*

11  *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) ("Under the Eighth

12  Amendment's standard of deliberate indifference, a person is liable for denying a prisoner needed

13  medical care only if the person 'knows of and disregards an excessive risk to inmate health and

14  safety.'"); *see also Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) ("[A] plaintiff's

15  showing of nothing more than 'a difference of medical opinion' as to the need to pursue one

16  course of treatment over another was insufficient, as a matter of law, to establish deliberate

17  indifference.").

18      By contrast, plaintiff's claims against defendant Montejo are cognizable. He alleges that

19  Montejo sexually assaulted him during a medical appointment. ECF No. 15 at 7. Plaintiff

20  reported the assault through the prison grievance system. *Id.* Montejo retaliated against plaintiff

21  by ending some of his pain medication prescriptions. *Id.* at 8. These allegations state a First

22  Amendment retaliation claim and an Eighth Amendment sexual assault claim.

23                        **Motions for Injunctive Relief**

24      As stated above, plaintiff has filed two motions for injunctive relief. ECF Nos. 10 & 13.

25  Both seek a court order directing prison officials to provide plaintiff with morphine. ECF No. 10

26  at 7; ECF No. 13 at 2. To obtain preliminary injunctive relief a claimant must show that he is

27  likely to succeed on the merits of his case, that he is likely to suffer irreparable harm in the

28  absence of preliminary injunctive relief, that the balance of the equities in his favor, and that the

injunction is in the public interest. *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008).   Plaintiff has not addressed any of these factors in his motions and, thus, has not made the required showing.  I recommend that these motions be denied without prejudice.  Plaintiff may, if he chooses, renew his request for an injunction in a motion that addresses these factors.

Accordingly, it is RECOMMENDED that:

1. All claims other than plaintiff's First Amendment retaliation and Eighth Amendment sexual assault claims against defendant Montejo be dismissed without prejudice;

2. plaintiff's motions for injunctive relief, ECF Nos. 10 & 13, be denied; and

3. if these recommendations are adopted, the matter be referred back to me so that I may direct service on defendant Montejo.

These recommendations will be submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within fourteen days of the service of these findings and recommendations, the parties may file written objections with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   March 29, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE