UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOVIE DEWDROP LEEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CUEVA, et al.,<br><br>　　　　　Defendants. | No. 2:20-cv-02231-DAD-JDP (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 42, 47) |

  Plaintiff Dovie Dewdrop Leen is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  On November 29, 2023, the assigned magistrate judge issued findings and recommendations recommending that the motion for summary judgment (Doc. No. 42) filed on behalf of the only remaining defendant in this action, Dr. Montejo, be granted in part and denied in part. (Doc. No. 47.) Specifically, based upon the evidence submitted by the parties, the magistrate judge concluded that defendant Montejo was entitled to summary judgment in his favor on plaintiff's retaliation claim but not as to plaintiff's claim that defendant Montejo had sexually assaulted plaintiff during a medical examination by inserting his hand between plaintiff's inner thigh and genitals and wiggling his hand back and forth eight to ten times while touching both. (*Id.* at 9–15.) As to the latter claim, the magistrate judge concluded that the evidence

1    before the court, which was essentially limited to plaintiff's sworn testimony that a sexual assault
2    had taken place and defendant's sworn testimony that it did not, established a disputed issue of
3    material fact precluding the granting of summary judgment as to plaintiff's Eighth Amendment
4    claim on the merits or on qualified immunity grounds.  (*Id.* at 9–11, 14–16.)

5    Those findings and recommendations were served on the parties and contained notice that
6    any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at 16.)
7    Plaintiff filed no objections and the time to do so has passed.  However, on November 29, 2023,
8    defendant filed objections to the findings and recommendations.  (Doc. No. 49.)  In those
9    objections defendant first argues that the magistrate judge erred in disregarding defendant's
10   evidence that the Medical Board of California had found plaintiff's claim of a sexual assault to be
11   unsubstantiated.  (*Id*. at 3–4.)  In addition, defendant suggests that the magistrate judge's asserted
12   failure to adequately consider such evidence also somehow called into question the denial of
13   summary judgment on qualified immunity grounds.  (*Id*. at 3.)  The undersigned finds these
14   objections to be wholly unpersuasive.

15   First, the only evidence presented on summary judgment by defendant in this regard was a
16   one page letter from the Medical Board of California dated July 29, 2022, to defendant stating
17   that an investigation into a complaint made against him had concluded and the file had been
18   closed with no further action anticipated.  (Doc. No. 42–4 at 91.)  In addition, defendant presented
19   the declaration of his counsel before the Medical Board in which counsel stated that a Board
20   investigator interviewed defendant and, in counsel's opinion, believed his denial of a sexual
21   assault and did not believe plaintiff's allegation.  (Doc. 42–5 at 2.)  However, counsel also
22   declared that due to the confidentiality of such investigations, the Board's file containing the
23   evidence considered and conclusions reached is not available.  (*Id*.)   Notably, nowhere in
24   defendant's motion, reply in support of the motion for summary judgment or objections does
25   defendant's counsel cite any authority for the proposition that any of this is evidence that may be
26   properly considered on summary judgment.  Even if it were, no argument is advanced by
27   defendant as to the significance of the Board's letter and counsel's declaration or in what way it
28   could be found to support the granting of summary judgment in defendant's favor.  Clearly,

1  defendant's counsel believes that plaintiff's evidence, in the form of his own testimony that a
2  sexual assault occurred, lacks credibility.  Nonetheless, it is even more clear that in considering a
3  motion for summary judgment a court must neither "weigh the evidence and determine the truth
4  of the matter," nor "make any credibility determinations."  *Zetwick v. County of Yolo*, 850 F.3d
5  436, 441 (9th Cir. 2017) (quoting and citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 249
6  (1986)); *see also Dominguez-Curry v. Nev. Transp. Dept.*, 424 F.3d 1027, 1035–36 (9th Cir.
7  2005) ("Such observations go to whether Dominguez is credible, a determination that is
8  exclusively within the province of the factfinder at trial, not the district court on summary
9  judgment[.]").

10  Finally, in his objections defendant suggests that perhaps there is additional evidence that
11 could be gathered in support of his motion for summary judgment and that the court should allow
12 him the opportunity to find and present such evidence.  (Doc. No. 49 at 4) (citing Fed. R. Civ.
13 P. 56(e)). Defendant's objection in this regard is based on nothing more than his counsel's
14 speculation that additional relevant evidence could possibly exist.  Objecting on that basis lacks
15 merit.  The undersigned would also note that under the scheduling order governing this case, the
16 deadlines established therein having been extended several times at the request of defendant's
17 counsel already, the deadline for the filing of dispositive motions in this case was March 15,
18 2023.  (Doc. No. 41 at 2.)  If defendant discovers additional evidence which his counsel believes
19 supports a motion for summary judgment as to plaintiff's remaining Eighth Amendment claim,
20 his counsel may seek to re-open law and motion in this case.  However, such a motion would
21 have to include a showing of good cause.  *See* Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth*
22 *Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) . "Unlike Rule 15(a)'s liberal amendment
23 policy which focuses on the bad faith of the party seeking to interpose an amendment and the
24 prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the
25 diligence of the party seeking the amendment.")

26  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, the
27 court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file,
28 /////

including defendant's objections, the court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly:

1. The findings and recommendations issued on November 29, 2023 (Doc. No. 47) are adopted;

2. Defendant's motion for summary judgment in his favor (Doc. No. 42) is granted as to plaintiff's retaliation claim and denied as to plaintiff's Eighth Amendment claim based on an alleged sexual assault; and

3. This action is referred back to the assigned magistrate judge for further proceedings including the issuance of a Final Pretrial Order.

IT IS SO ORDERED.

Dated: **January 24, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4